STATE OF MISSOURI to use of ALEXANDER L. TYLER, Plaintiff in Error, *v.* L. CHARLES BOISLINIERE, WILLIAM M. MC-PETERS, and M. L. LINTON, Defendants in Error.

*Practice—Parties—Replevin—Bond—Officer—Sheriff.* — When the coroner in executing an order for the delivery of personal property fails to take a good and sufficient bond from the plaintiff in the action, the officer and his securities will be liable upon the official bond to the party injured by such neglect; and where the property is taken from the sheriff who had levied upon the same, the plaintiff in the execution has such an interest in the property that he may maintain the action.

*Error to St. Louis Circuit Court.*

*Hill & Jewett,* for plaintiff in error.

*Krum & Decker* and *Cline & Jamison,* for defendants in error.

WAGNER, Judge, delivered the opinion of the court.

This was an action on the official bond of the defendant,

as coroner of St. Louis county. Plaintiff, in his petition, alleged that he caused a writ of attachment to be issued out of the Circuit Court against the property of one Christian Schaeffler and directed to Michael S. Cerré, then the acting sheriff of St. Louis county, for the recovery of the amount of a note which the said Christian owed to the plaintiff; that under said writ of attachment said Michael S. Cerré, as sheriff, levied upon and seized certain goods and chattels more than sufficient in value to satisfy the debt; that afterwards a third party, Lorenz Schaeffler, caused a suit to be brought in the St. Louis Court of Common Pleas against said Cerré, claiming said property under the "Act relating to the claim and delivery of personal property," and procured from said court an order upon Cerré for the delivery of the property to the defendant, and that the defendant, as coroner, took the property under the order of the said court and delivered the same to the plaintiff in that suit, Lorenz Schaeffler. It is then assigned as a breach of the bond that the defendant, as coroner, failed in executing the order of delivery, in the suit of Lorenz Schaeffler v. Michael S. Cerré, to take from said Schaeffler a bond with two or more securities. It is further alleged that afterwards, on the motion of Cerré, the suit of Lorenz Schaeffler v. Michael S. Cerré was dismissed, the said Lorenz having failed to file a new replevin bond as ordered by the court, and thereupon the Court of Common Pleas made an order upon the defendant, as coroner, to retake the property and deliver it to the said Cerré, defendant in the suit; but that the said coroner, although requested, neglected and refused to retake the property or deliver it to Cerré. Plaintiff further alleges that afterwards he recovered judgment against Christian Schaeffler, and that the said Christian is wholly irresponsible and insolvent, and that the judgment cannot be collected from him, and that by reason of the premises under the statute an action has accrued in his favor against the defendant and his securities on his official bond.

A demurrer was filed to the petition, and the grounds as-

signed for causes of objections were : 1. That there was a defect of parties ; that the relator was not a proper party to the action, as he had no special or general interest in the goods taken, and therefore could not have suffered damage within the meaning of the statute. 2. That the petition did not state facts sufficient to constitute a cause of action, because it did not appear that plaintiff had any property in the goods, or that Cerré had assigned or transferred to him his right of action. 3. That it did not appear that the defendant could have executed the order of the court to retake the property, and there was no breach of the bond. This demurrer the court sustained, and afterwards gave judgment for the defendants.

It is preposterous to say here that there was no breach of the bond. The statute provides that the officer shall not receive or take the property until the plaintiff shall deliver to him a bond executed by two or more sufficient securities. It is confessed that the statute was not complied with, and the act of taking an invalid and insufficient bond constituted a breach. Nor is there anything in the statute, in a case like this, requiring the assignment or transfer of the bond taken by the officer, to enable the party interested to sue. Section 20 of the act (R. C. 1855, p. 1246) provides that after the due execution of any bond taken in virtue of that article, the parties to the action shall be barred of any right of action against the sheriff or other officer for the seizure and delivery of the property ; that is, where the officer has done his whole duty, and taken a good and sufficient bond under the statute. But the 22d section says that if the sheriff, or other officer, fail to take or return a bond as required by law, or if the bond taken is adjudged insufficient, he and his securities shall be liable to the party injured for all damages by him sustained, to be recovered by civil action, or by civil action on the officer's bond.

Who else but the plaintiff was injured by the officer's neglect to perform his duty ? It was not the sheriff from whom the property was replevied. He had a special property,

but so far as his loss was concerned it was *damnum absque injuria.* We see no merit in the objection, that the suit can only be prosecuted in the name of the sheriff from whom the property was wrested. Suppose this sheriff refuses to sue, or is dead, or has absconded, is the party deprived of all remedy, when the statute declares that any person who is injured may maintain the action? The plaintiff had sufficient property attached to secure satisfaction of his indebtedness, which has been entirely lost to him by the official misconduct and negligence of the defendant; and the statute gives him a remedy, and there is no legal pretext on which the defendant can escape responsibility.

Reversed and remanded. The other judges concur.